BALTIMORE ROOFING & ASBESTOS MFG. CO. v. RUBBER ROOFING
MFG. CO.

(Supreme Court, Appellate Term, First Department.   October 17, 1916.)

1. SALES ⊚⇒28—CONTRACT—REQUISITES AND VALIDITY.

An alleged contract, set out in a counterclaim, reading, "Enter our
blanket order for approximately 8,000 or 10,000 squares of your various
roofings, which we will sell under our brand at prices as indicated in
this communication, in mixed and less car shipments," is too indefinite to
constitute a valid and enforceable contract, since it does not specify any
term or duration, time for deliveries, purchase price, kind or quality of
material, or the rights of either party, if the other refuses to perform.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 54, 55; Dec. Dig.
⊚⇒28.]

2. SALES ⊚⇒411—REMEDIES OF BUYER—BREACH OF CONTRACT—PLEADING—
NECESSITY OF DEMAND BY BUYER.

A general allegation that the purchaser was ready and willing to per-
form was not sufficient to cover the necessary allegation of a demand for
certain goods and refusal to furnish them.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1161–1164; Dec.
Dig. ⊚⇒411.]

Appeal from Special Term, New York County.

Action by the Baltimore Roofing & Asbestos Manufacturing Com-
pany against the Rubber Roofing Manufacturing Company, in which
the defendant filed a counterclaim.   From an interlocutory judgment
for plaintiff, sustaining a demurrer to the counterclaim, defendant ap-
peals.   Affirmed.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

Weil & Purvin, of New York City (Arthur Weil, of New York
City, of counsel), for appellant.

Leon Laski, of New York City, for respondent.

SHEARN, J.   [1] The alleged contract set out in the counterclaim
consisted of the acceptance of the following written order:

"Enter our blanket order for approximately 8,000 to 10,000 squares of your
various roofings, which we will sell under our brand at prices as indicated
in this communication, in mixed and less car shipments."

In this order eight brands of roofing, with various weights and prices
for different brands, are specified, but the number of squares of any
particular brand which defendant might require is not stated in the
order.   In my opinion, this accepted order is too indefinite to consti-
tute a valid and enforceable contract.   Nowhere is there any term or
duration of the alleged contract specified.   During what period of time
was the appellant to have the right to demand deliveries from the re-
spondent?   During what period of time could the respondent have in-
sisted upon the appellant's accepting or taking deliveries under the
alleged contract?   These questions at once suggest themselves, but
the writings between the parties leave them unanswered.

Neither can it be determined from the alleged contract what would
have been the respondent's rights if the appellant had refused to

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

order or take a single item of merchandise. The seller could not put aside merchandise and sue for the purchase price, because no purchase price is specified, and it is impossible to say what kind or quality of material could have been put aside. If a particular kind had been put aside, appellant might have refused to take it, claiming that it was not the kind or quality which it was intended to order. Neither could the respondent have sold the merchandise and sued to recover the difference between the contract price and the selling price, for it would not have known what priced squares to sell, or how much to sell. Neither could the respondent have maintained an action for damages to recover the difference between the contract price and the market price, because no contract price is specified, and no one could tell the market price, as the kind of goods in question are impossible of specification. It is not clear why appellant's counsel cites so conspicuously the case of Velleman v. Blumenthal, 172 App. Div. 331, 158 N. Y. Supp. 393, which has absolutely no bearing upon the point at issue. There the preliminary order was a blanket order, but when a sample was sent a specific order was given and accepted.

[2] Even if the contract were valid, the counterclaim should have alleged a demand for certain goods and a refusal to furnish them. This is not covered by a general allegation that defendant was ready and willing to perform.

Judgment affirmed, with costs. All concur.